**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000160
07-MAR-2012
08:16 AM**

NO. CAAP-10-0000160

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MELANIE MOLINA, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 10-1-1102)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Melanie Molina (Molina) appeals the October 21, 2010 Judgment entered by the Family Court of the First Circuit (family court)[1] convicting her of Harassment of her five-year-old son, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2011).

On appeal, Molina contends that the family court erred in convicting her where (1) insufficient evidence existed of the requisite state of mind, (2) insufficient evidence existed to negative the parental discipline defense, and, (3) insufficient evidence existed that Molina's use of force resulted in bleeding in the nose and facial area.

Based on a careful review of the points on appeal, the arguments made, the record, and the applicable authority, we resolve Molina's contentions as follows.

---

[1]    The Honorable Gale L.F. Ching presided.

Harassment under HRS § 711-1106(1)(a) states:

(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

Evidence reflects that Child was five years old; Molina was frustrated with having her five children with her that day; Child was not obeying Molina; Molina observed the Child crouch down in anticipation of being hit; Molina admitted in her statement to police that she "slapped her child once" and in testimony confirmed that she "hit him only on the back and the butt, buttocks with a backhand"; Child's nose bled and Child was crying, with redness of his face and blood visible on Child's face, shirt, and forehead. Where the family court did not find Mother's version credible, as was its province,[2] under these circumstances, sufficient evidence existed to infer Molina's "intent to harass, annoy, or alarm" Child. State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (recognizing "substantial evidence that, after becoming angry and 'yelling' at Shane, Stocker slapped him in the face" and, based thereon, holding "that the family court could reasonably have inferred that Stocker intended his conduct to 'annoy' or 'alarm' Shane").

The parental discipline defense arises from HRS § 703-309 (1993), which states in pertinent part, as follows:

§ 703-309. Use of force by persons with special responsibility for care, discipline, or safety of others. The use of force upon or toward the person of another is justifiable under the following circumstances:

(1)    The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor, or a person acting at the request of the parent, guardian, or other responsible person, and:

---

[2]    State v. Kikuta, 125 Hawai'i 78, 89, 253 P.3d 639, 650 (2011) (the "assessment of the credibility of the witnesses and weighing of the evidence" in an evidentiary dispute to determine "liability under HRS § 703-309(1)(a)" "is not within the province of an appellate court, but a function of the fact finder at trial").

> (a) The force is employed with due regard for the age and size of the minor and is reasonably related to the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of the minor's misconduct; and
>
> (b) The force used is not designed to cause or known to create a risk of causing substantial bodily injury, disfigurement, extreme pain or mental distress, or neurological damage.

In State v. Crouser, 81 Hawai'i 5, 10-11, 911 P.2d 725, 730-31 (1996) (footnote omitted), the Hawai'i Supreme Court articulated the requirements for the parental discipline defense.

> To invoke the defense of justification under HRS § 703-309,[] Crouser was required to make a showing that the record contained evidence supporting the following elements: (1) he was a parent, guardian, or other person as described in HRS § 703-309(1); (2) he used force against a minor for whose care and supervision he was responsible; (3) his use of force was with due regard to the age and size of the recipient and reasonably related to the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of misconduct; and (4) the force used was not designed to cause, or known to create a risk of causing, substantial bodily injury, disfigurement, extreme pain or mental distress, or neurological damage. *See State v. Kaimimoku*, 9 Haw. App. 345, 349-50, 841 P.2d 1076, 1079 (1992). In turn, the prosecution had the burden of disproving beyond a reasonable doubt the justification evidence that was adduced, or proving beyond a reasonable doubt facts negativing the justification defense. *Id.* at 350, 841 P.2d at 1079. Because the requirements of HRS § 703-309(1) are set out in the conjunctive, rather than the disjunctive, the prosecution needed only to disprove one element beyond a reasonable doubt to defeat the justification defense.

In State v. Matavale, 115 Hawai'i 149, 164-65, 166 P.3d 322, 337-38 (2007) (citations omitted) the Hawai'i Supreme Court further clarified the use of force in the parental discipline defense.

> [T]he legislature, in creating the parental [discipline] defense law, recognized the right of parents to discipline their children; that right, however, is not absolute. In other words, parents may be justified in physically disciplining their children, but such discipline must be with due regard as to the amount of force utilized and must be directed to promote the welfare of the child. *The force used* must (1) reasonably be proportional to the misconduct being punished and (2) reasonably be believed necessary to protect the welfare of the recipient. The means used to effect the discipline must also be reasonable. In determining whether force is reasonable, the fact finder must consider the child's age, the child's stature, and the

3

> nature of the injuries inflicted, *i.e.*, whether *the force used* was designed to cause or known to create a risk of causing substantial bodily injury, disfigurement, extreme pain or mental distress, or neurological damage given the child's age and size. These required factors are obviously general in nature and, by their very terms, place a large amount of discretion with the courts to determine whether the actions of a parent fall within the parameters of parental discipline, as set forth in HRS § 703-309(1). Clearly, there is no bright line that dictates what, under all circumstances, is unreasonable or excessive corporal punishment. Rather, the *permissible degree of force* will vary according to the child's physique and age, the misconduct of the child, the nature of the discipline, and all the surrounding circumstances. It necessarily follows that the question of reasonableness or excessiveness of physical punishment given a child by a parent is determined on a case-by-case basis and is dependent upon the particular circumstances of the case.

Matavale, 115 Hawai'i at 164-65, 166 P.3d at 337-38.

The proponent of the defense has "the initial burden of production with respect to the facts necessary to put the parental discipline defense at issue" and that burden is satisfied if "*some* evidence was adduced, 'no matter how weak, inconclusive, or unsatisfactory' it might be" relevant to the parental discipline elements. Stocker, 90 Hawai'i at 95, 976 P.2d at 409 (citations omitted). Once the burden is met, "the burden then shift[s] to the prosecution to disprove the defense beyond a reasonable doubt." Stocker, 90 Hawai'i at 95, 976 P.2d at 409 (1999).

> Because the question of whether the force employed was reasonably related to the welfare of the minor involves the trial court's evaluation of mixed questions of law and fact, the trial court's conclusion on this issue, insofar as it is dependent upon the facts and circumstances of the case, is reviewed on appeal under the clearly erroneous standard. However, to the extent the conclusion is premised on the court's interpretation of the applicable statute, the conclusion is freely reviewable on appeal.

State v. Tanielu, 82 Hawai'i 373, 380-81, 922 P.2d 986, 993-94 (App. 1996) (citations omitted).

In the instant case, Molina appears to have met her initial burden of production with some evidence as to each the elements of the parental discipline defense--Molina being the parent of Child is uncontested; Molina asserts she used force against Child because Child hit younger brother three times and

that she told him to stop three times, but he did not stop; Molina testified that she hit Child on the back and buttocks; and Molina's assertion that she only hit Child on the back and buttocks would constitute some evidence that her action was not designed or known to risk causing the injuries stated in the statute. Thus, the burden shifted to the State to negate the defense.

Giving due deference to the family court's credibility determination,[3] evidence existed that Child was five years old; that Molina struck Child after Child slapped his younger brother; that after Molina struck Child, redness to the Child's face, as well as bleeding from the nose occurred, and blood was visible on Child's face, forehead and shirt; and that Child was crying, which continued for about five minutes, and Child "appeared very shy and afraid." The family court implicitly determined, through its credibility finding, that Molina struck Child's face, resulting in the bleeding. Where the family court also explicitly considered Matavale, it can be inferred that the family court concluded that Molina's actions was not reasonably proportional to the misconduct being punished or reasonably believed necessary to protect Child's welfare, and such conclusion is not wrong. See Stocker, 90 Hawai'i at 94-95, 976 P.2d at 408-09 (declining to overrule State v. Crouser, 81 Hawai'i at 12, 911 P.2d at 732, that "to be 'reasonably related' to the purpose of punishing misconduct, use of force must be both reasonably proportional to the misconduct being punished and reasonably believed necessary to protect the welfare of the recipient"). Accordingly, sufficient evidence existed for the family court to conclude that the use of force sufficient to cause bleeding from the nose of the five-year-old Child was not reasonably proportional to the misconduct being punished or reasonably believed to be necessary to protect the welfare of the recipient. Matavale, 115 Hawai'i at 164, 166 P.3d at 337.

---

[3] Kikuta, 125 Hawai'i at 89, 253 P.3d at 650.

Finally, the same evidence coupled with Molina's statement to the police that she "only slapped her child once," is also sufficient for the family court to infer that Molina's striking of Child caused the bleeding in the nose and facial area.

Therefore, the October 21, 2010 Judgment entered by the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 7, 2012.

On the briefs:

Iokona A. Baker,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

6